996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelly Dean BLACK, Plaintiff-Appellee,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellant.
 No. 92-15256.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided June 17, 1993.
 
 1
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 This is an action brought under the Federal Employers' Liability Act ("FELA"). The sole question on appeal is whether the district court erred in granting appellee Black, the employee, a directed verdict on liability. A directed verdict is reviewed de novo and is proper when the evidence permits only one reasonable conclusion as to the verdict. The evidence must be viewed in the light most favorable to the nonmoving party (in this case the employer, appellant Southern Pacific) and all inferences must be drawn in its favor. In Re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992).
 
 
 4
 Black's theory of the case was that the accident was due, at least in part, to the negligence of Donald Holley, a student engineer.[1] Southern Pacific's theory was that Black's negligence was the sole cause of the accident. The FELA provides that an employer such as Southern Pacific shall be liable for damages when the accident results "in whole or in part from the negligence of [the employer]." 45 U.S.C. § 51 (emphasis added). This means that the employer is liable whenever the "negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 508 (1957) (emphasis added). In directing a verdict for Black, therefore, the district court held that no rational jury could conclude that Southern Pacific's negligence played no part in the accident. In other words, the district court held that no rational jury could conclude that Black's negligence was the sole cause of the accident. The directed verdict left the jury with a wide range of options: the jury was instructed that while it could not find that Black was 100% responsible, it could find that he was between 0 and 99% contributorily negligent.
 
 
 5
 We agree with the district court that no rational jury could find that Southern Pacific's negligence played no part in the accident. The evidence showed the following: Holley, under Black's supervision, was operating a 100-car train on a westbound run from Ogden, Utah to Carlin, Nevada. At Montebello, Nevada the train stopped so that the crew could pick up lunch. Black, along with other crew members, went to get the food, while Holley stayed on the train. While the others were gone, and unbeknownst to them, Holley left the front engine to conduct an inspection. He properly turned the generator field switch off when he left the engine, but improperly failed to turn it back on when he got back in. When Black returned with the food Holley was back in the engine. As Holley was preparing the train for departure, Black was dividing up the lunches. At some point Black turned his attention back to Holley, and began watching Holley's departure procedure. Neither Black nor Holley noticed that the generator field switch was in the off position, nor did either man notice that the amp meter was registering zero, which it would not have been had the generator field switch been on. After the brakes were released and the rear engines of the train began to shove forward, Holley engaged the throttle and looked out the window, expecting the front engines to start accelerating. At approximately this moment, Black asked Holley to hand him a cup of coffee. When Holley looked back out the window, he noticed that the train, which was facing uphill, was not accelerating, but was rolling backwards. Although Holley eventually discovered that the generator switch was not on, he did not do so before the "slack action" occurred, causing the accident in question.
 
 
 6
 The evidence was undisputed that Holley should have turned the generator switch back on, that he failed to do so, and that his failure to do so was at least part of the cause of the accident. Indeed, Holley himself, Southern Pacific's key witness on this point, testified to this effect.
 
 
 7
 Court: Did you use ordinary care when you failed to put the generator switch in?
 
 
 8
 Holley: In all my actions other than that, I went through generally what we do. And I just forgot to put the generator field switch up. I did not do that.
 
 
 9
 Nelson (for plaintiff): And you should have done that?
 
 
 10
 Holley: Yes. I should have done that.
 
 
 11
 Nelson: Okay. And that caused the accident?
 
 
 12
 Holley: That was one of the factors.
 
 
 13
 IV RT 580. See also id. at 590 (Holley: "I know it was my fault, I didn't put the generator field switch up.").
 
 
 14
 Based on this undisputed testimony, the district court correctly concluded that "the evidence establishes, without any contradiction, that Donald Holley, a co-employee[,] was negligent and that his negligence was one proximate cause of the slack action which resulted injury to Plaintiff." IV RT at 687.
 
 
 15
 While Black's theory that Holley's negligence played a part in the accident is compelled by the evidence, Southern Pacific did not produce evidence to support its theory that Black's negligence was solely responsible for the accident. On appeal, Southern Pacific points to three pieces of evidence that it believes demonstrate that Black was solely responsible: 1) Black failed to notice the amp gauge which would have told him that the generator field switch was off, 2) Black distracted Holley by asking for coffee thereby causing Holley not to notice that the train was rolling backwards, and 3) Black failed to properly brace himself against the possibility of slack action.
 
 
 16
 The fatal flaw in Southern Pacific's argument is that even if Black acted negligently in these three ways, and even if his negligent actions played a part in causing the accident, this proves at most that he was contributorily negligent. It does not prove that Holley (and therefore Southern Pacific) was not himself negligent or that Holley's negligence was not a cause of the accident. Even if Black's negligent actions played a part in causing the accident, Southern Pacific is not relieved of liability. As FELA makes clear, to establish liability a plaintiff need show only that the defendant was responsible "in whole or in part." 45 U.S.C. § 51. See Rogers, 352 U.S. at 506 ("It does not matter that, from the evidence, the jury may also ... attribute the result to other causes, including the employee's contributory negligence.").
 
 
 17
 In sum, while the evidence would allow a rational jury to conclude that Black's actions contributed to the accident, it would not allow a rational jury to conclude that Black's actions were the sole cause of the accident. Accordingly, we hold that the district court's correctly directed a verdict on liability.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is not disputed that Southern Pacific is liable for the actions of Holley, its employee. See 45 U.S.C. § 51